FILED
2022 Jun-22  PM 05:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



FILED

JUN 22 2022

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-cr-00237** |
| | ) | |
| **RICHARD POPE** | ) | |

## PLEA AGREEMENT

The Government and defendant hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT TWO, COUNT THREE,** and **COUNT FOUR** of the Indictment filed in the above-captioned matter; and (ii) pay restitution in an amount to be determined by the Court, if applicable. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT ONE** at sentencing and recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

Defendant's Initials

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Transfer of Obscene Material to Minors, in violation of Title 18, United States Code, Section 1470 as charged in **COUNTS TWO, THREE,** and **FOUR** is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000.00;

    c.    Both (a and b);

    d.    Supervised release of no more than three years;

    e.    Special Assessment Fee of $100 per count; and

    f.    Registration as a sex offender under the Sex Offender
          Registration and Notification Act.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On April 3, 2020, the Alabama Law Enforcement Agency received Cyber-Tip 67375061 from the National Center for Missing and Exploited Children regarding the electronic solicitation of a minor. The tip reported that a "54-year-old

Defendant's Initials

male appears to be enticing an apparent 14-year-old female to produce and share apparent Child Exploitation Images (CEI) via private messages. Conversations indicate they are within close proximity and have plans to meet for sexual activity. Additionally, it appears that the 54-year-old male is in a position of trust as a teacher."

Through a subpoena for subscriber information, investigators identified the 54-year-old man as Richard Pope, a graphic arts teacher and baseball coach at GW Carver High School with the Birmingham City Schools. The minor was identified as D.N., a fifteen-year-old female student at GW Carver High School.

A search warrant for Pope and D.N.'s Facebook accounts was executed on August 14, 2020. Pope and D.N. exchanged private Facebook messages on March 21, 2020. Pope initiated the conversation after seeing photographs D.N. had posted to her profile. D.N. asked Pope to tell her something "freaky" that he "always wanted to [s]ay." Pope responded, "It might scare you . . . May have to wait til you graduate." Pope then told D.N. he loves "[w]atching [her]" and the dresses she wears. D.N. said that she's heard worse. Pope responded, "But not from your teacher."

Pope then told D.N. what happens between us "stays between us." Pope asked D.N. what his "limits" were, meaning "[w]hat can I say show talk about ask share question etc." D.N. told Pope not to "show" anything, but "U can text whatever."

Defendant's Initials

Pope responded, "Ok just don't change on me and stop coming around." Despite D.N.'s request not to "show" anything, Pope proceeded to send D.N. a series of memes, including one sexually explicit image depicting a woman performing oral sex on a man.

Pope then asked D.N. "[w]hat that tongue do" and asked her about the "wildest thing" she's done. When D.N. said that she has had sex, Pope told her that her "secret is safe with me." He then told her he had to "keep you coming around me," and that he usually kicks a lot of students out of his room but lets her stay. "Doesn't scare you"? he asked. "No should it?," D.N. replied. "Make[s] me a dirty old man lol," Pope said.

Pope then asked D.N. what her "biggest sexual secret" was and asked for a "freaky confession." When D.N. stated she has never had an orgasm from sex, Pope told her "I guess I will have to make it a graduation present for you." Pope continued to question D.N. about her sexual interests, including whether she enjoyed oral sex. When D.N. said she did not, Pope told her she just needed to relax and that it might be her "graduation present." Pope then sent D.N. memes involving oral sex.

Pope told D.N. that a student once had sex in his classroom, and that she was able to get into the room because his doors did not lock. Pope then told D.N. that his office, studio, and editing bay doors lock, and "[s]o you ever come down I can lock

Page **4** of **21**

Defendant's Initials

all the doors." D.N. recounted to Pope a sexual encounter with another student she had in the bathroom during a school period. Pope responded, "I will be looking for you . . .," and asked if she needed a pass to come to his building. D.N. said no, and Pope said, "Great now I something to forward to." They discussed their schedules and which periods they were free.

Pope added, "[j]ust make sure you wear those dresses" as well as "[t]hongs or no underwear." He also asked D.N. if he would "get slapped or told on if I rubbed your butt or ran my hand up your dress"? D.N. told Pope that she usually wore underwear. Pope said D.N. was "jiggly in a great way," and that he "[o]ften thought about rubbing" her. Pope then sent D.N. more explicit images. Pope sent a GIF image (Photo ID 2557237967928077) of a man performing oral sex on a naked woman. The woman is lying on a bed and her breasts are exposed.

During the March 21 chat, Pope also told D.N., "When I hug you closer and longer don't pull away. And if we are alone I am going to squeeze your ass . . . just warning you." D.N. told Pope that long hugs "look[] weird," and Pope said they would happen "[o]nly when we are alone." Pope and D.N. continued chatting the next day. D.N. told Pope she was cleaning, and Pope told her that she needed "to come clean my office and classroom in that dress lol."

Defendant's Initials

On March 23, 2020, Pope and D.N. exchanged messages again. Pope sent D.N. $60 to buy pizza. D.N. said that she was not expecting Pope to give her money, and Pope said that he "[w]asn't expecting . . . to be attracted to you," but that "[t]he more you came around wow." Because of the pandemic, Pope expressed concern that he might not get to see D.N. anytime soon. D.N. said she "will keep coming to ur class 8th period." Pope proceeded to send D.N. sexually explicit images, GIFs, and videos. At 23:19:48 UTC, Pope sent D.N. an image of a woman performing oral sex on a man (Photo ID 1587258258079991). The man's penis is depicted in the female's mouth. Toward the end of their chat that day, Pope told D.N., "I have a lot to teach you."

On March 24, 2020, Pope sent D.N. additional images and videos, some of which were sexually explicit. D.N. did not reply at first. When she did, Pope asked her what she was wearing. When D.N. told Pope she had on "short short[s] and panties," Pope responded, "Love to [s]ee that." Pope then sent D.N. a picture of her from her Facebook page with her tongue out. He asked, "What that mouth do"? and asked her to tell him something that would make him say "well damn [o]r have a wet dream." After D.N. responded to Pope's request, he sent her more sexually explicit images, GIFs, and videos and shared graphic details about his sex life with D.N. Some of the images and videos Pope shared appeared to be of Pope himself.

Page **6** of **21**

Defendant's Initials

At 06:15:25 UTC, Pope sent an image of a man (apparently Pope) naked and kneeling on a bed (Photo ID 199700341330990). The image shows a woman whose buttocks is exposed, and she is on her hands and knees performing oral sex on the man. The man's penis is visible in the picture.

Pope told D.N. he "can't wait til you sit on my face and grin til you have me looking like a glazed doughnut." D.N. stated that she was not interested in receiving oral sex, and Pope told her she just "[h]as not been done right." He also said that he had "[g]ot a lot to work on [w]ith you."   When D.N. reiterated she was not interested in receiving oral sex, Pope said, "Trust me I will make you [c]hange your mind."

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

**RICHARD POPE**

## III. STIPULATED SENTENCE

Pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*, the government and the defendant stipulate that a sentence of **54 months imprisonment** is the appropriate disposition of this case. This agreement does not affect the Court's

Page **7** of **21**

Defendant's Initials ___

discretion to impose any lawful fine or to set any lawful condition of supervised release. If the Court rejects this Plea Agreement, *either* party may elect to declare the agreement null and void. Should the defendant so elect, the defendant will be afforded the opportunity to withdraw his Plea Agreement pursuant to Rule 11(d)(2)(A).

The government also agrees to make the following recommendations:

    a) That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

    b) That following the said term of imprisonment, the defendant be placed on supervised release for a period of 3 years, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special conditions:

        a. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

        b. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This

Defendant's Initials

includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

c. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

d. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay;

e. That the defendant shall initially register with the state sex offender registration agency in Alabama according to

Defendant's Initials

Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

f. That the defendant be prohibited from using any computer, or any other device, with Internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require

Defendant's Initials _____

temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

c) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

d) That the defendant be required to pay restitution in an amount to be determined by the Court;

e) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced;

f) Should the Government learn that the defendant has sexually abused or assaulted any minor, or committed any other crime of violence or if any other victim should come forward prior to the

Defendant's Initials

defendant's sentencing, this agreement will be considered **NULL AND VOID.**

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, RICHARD POPE, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.   Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

(a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s);

Defendant's Initials _____

    **(b)**    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

    **(c)**    Any claims of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, **RICHARD POPE**, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
**RICHARD POPE**

## V. <u>UNITED STATES SENTENCING GUIDELINES</u>

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant

Defendant's Initials _____

to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT IS BINDING ON COURT

Pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*, the recommendation for a sentence of imprisonment of 54 months **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT**. The defendant may withdraw his plea of guilty, pursuant to Rule 11(d)(2) if the court rejects the plea agreement under Rule 11(c)(5).

However, as to any other terms and conditions of the sentence, other than the sentence of imprisonment, the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Parties, other than the sentence of imprisonment, is **NOT BINDING UPON THE COURT**, and that the Court need not accept any other recommendations. Further, the defendant understands that if the Court does not accept the Parties' recommendations, he does not have the right to withdraw his plea, other than the right previously addressed, as to the sentence of probation, under Rule 11(d)(2).

Defendant's Initials

## VII. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. <u>SUBSEQUENT CONDUCT</u>

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.**

## IX. <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

Page **15** of **21**

Defendant's Initials _____

## X. COLLECTION OF FINANCIAL OBLIGATION

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.  AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of

Defendant's Initials

conduct.    This agreement is not meant, however, to prohibit the United States

Probation Office or the Court from considering any other acts and factors which may

constitute or relate to relevant conduct.    Additionally, if this agreement contains

any provisions providing for the dismissal of any counts, the defendant agrees to pay

any appropriate restitution to each of the separate and proximate victims related to

those counts should there be any.

## XII.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless   otherwise   specified   herein,   the   defendant   understands   and

acknowledges that this agreement does not apply to or in any way limit any pending

or prospective proceedings related to defendant's **tax liabilities**, if any, or to any

pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with

respect to his immigration status if he is not a citizen of the United States. Under

federal law, a broad range of crimes are removable offenses, including the offense(s)

to which defendant is pleading guilty. Removal and other immigration consequences

are the subject of a separate proceeding, however, and defendant understands that

no one, including her attorney or the district court, can predict to a certainty the effect

of her conviction on her immigration status. Defendant nevertheless affirms that he

Defendant's Initials

wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest.   The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.

## XIII.   SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld. The defendant understands that he shall keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with

Page **18** of **21**

Defendant's Initials

requirements to periodically verify in person his sex-offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements. If he resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt. The defendant further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## XIV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of **21 (twenty-one) pages**. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to

Defendant's Initials

the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____

[if none, state "NONE" or "N/A"]

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

6/22/22
DATE

RICHARD PORE
Defendant

Page **20** of **21**

Defendant's Initials _____

## XV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

6/22/22
DATE

JAKE WATSON, ESQ.
Defendant's Counsel

## XVI. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

6/22/22
DATE

JOHN M. HUNDSCHEID
Assistant United States Attorney

Page **21** of **21**

Defendant's Initials